UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Thomas Brennan,                                                  Case No.  3:20-cv-1965

                        Plaintiff,

        v.                                                       MEMORANDUM OPINION
                                                                 AND ORDER


IES Energy Solutions, LLC,

                        Defendant.



        Pursuant to my earlier order, (Doc. No. 9), Plaintiff Thomas Brennan has submitted

supplemental briefing and documentation in support of his requested default-judgment damages and

attorney fees and costs.  (Doc. Nos. 11 and 12).  For the reasons that follow, I grant Brennan's

amended motion for default judgment in part, and deny it in part.

        Brennan seeks $9,808.25 in minimum wage damages, $19,616.51 in minimum wage

liquidated damages, $80,584.57 in overtime pay damages, $80,584.57 in overtime pay liquidated

damages, $5,423.57 in damages on his OPPA claim, and $2,750.00 in damages on his unjust

enrichment claim, for a total amount of compensatory and liquidated damages of $198,767.47.[1]  (*See*

Doc. No. 11 at 6).  I conclude Brennan has adequately supported his request for damages and enter

judgment in this amount.

---

[1]   In the Conclusion paragraph of his supplemental brief, Brennan requests $224,732.05 in damages.
(Doc. No. 11 at 19).  The dollar amount is not supported elsewhere in Brennan's submission and I
conclude it is a typographical error.

Brennan also requests attorney fees and costs.  *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.).  Brennan requests costs in the amount of $541.67.  (*See* Doc. No. 7-2 at 3; Doc. No. 7-3 at 5).  I conclude he is entitled to reimbursement of these costs.

Attorney fees in Fair Labor Standards Act ("FLSA") cases typically are calculated using the lodestar method – a reasonable hourly rate multiple by "the number of hours that counsel 'reasonably expended' on the case." *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021) (quoting *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013)).  "'The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999)).

Brennan seeks an award of attorney fees of $77,454.90 representing 214.90 hours of work at a blended hourly rate of $360.42 per hour.  (*See* Doc. No. 11 at 18-19).  The proposed hourly rate is reasonable in light of the nature of the claims at issue.  Further, it also falls within the range of hourly rates awarded by federal courts within the State of Ohio.

But Plaintiff's counsel fails to show the number of hours expended on this case was reasonable.  One of Plaintiff's firms (Goldenberg Schneider, LPA, which serves as local counsel) seeks an award of fees for 10.6 hours of work.  (Doc. No. 12-1 at 1-2).  Between September 2 and September 4, 2020, Goldenberg Schneider's records indicate a legal assistant spent 4.9 hours drafting pro hac vice motions for five attorneys from Plaintiff's other law firm, Miller Shah, as well as attending to service of the complaint and setting up new client files.  (Doc. No. 7-2 at 2; Doc. No. 12-1 at 1-2). Later, the legal assistant spent 0.5 hours drafting a pro hac vice motion for one Miller

2

Shah attorney, Chiharu Sekino.  (Doc. No. 12-1 at 2).  Attorney Jeffery Goldenberg spent 0.7 hours

discussing the motion with Sekino, as well as reviewing a "timing rule[2] for default judgment."  (Doc.

No. 12-1 at 1-2).

There is (at least) one problem with awarding these hours– counsel subsequently only filed

one pro hac vice motion.  (*See* Doc. No. 6 (motion of Chiharu Sekino)).  While the names of the

other four Miller Shah attorneys were included in the complaint, no pro hac vice motions ever were

filed on their behalf and only Ms. Sekino remained as counsel of record by the time Brennan filed

his motion for default judgment.  (Doc. No. 7 at 27).  I fail to see how it would be reasonable to

force IES to pay for work that was never filed and which ultimately had no impact on the outcome

of this case.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("'Hours that are not properly billed to

one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" (quoting

*Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in *Copeland*)).  I reject the claim

for 4.9 hours recorded on September 2 through 4, 2020, and reduce Goldenberg Schneider's

compensable claim to 5.7 hours.

Brennan's other law firm, Miller Shah, contends its attorneys, paralegals, interns, and project

analysts spent a total of 204.3 hours on this case, from July 27, 2020, until December 30, 2020.

(Doc. No. 12-2; Doc. No. 7-3 at 3-4).  I previously registered my skepticism that this volume of time

could be appropriate "on a case in which the Defendant never filed an answer or other responsive

pleading and in which no discovery has been exchanged."  (Doc. No. 9 at 15).  Miller Shah's records

have not decreased my skepticism.

The facts underlying this case span two states, three years, and a total of six applicable

---

[2]  Miller Shah's timekeepers spent perhaps as many as 3.4 hours researching this issue as well.  (*See*
Doc. No. 12-2 at 5-7).  It is not clear to me what counsel means by this phrase, as neither Rule 55
nor the Sixth Circuit imposes any deadline for filing a default judgment motion after default has
been entered.

minimum wage rates, (*see* Doc. No. 11 at 10-11 n.6), and, therefore, is more complex than the typical "straightforward, single-Plaintiff, FLSA case." *Mullin v. Butler*, No. 2:18-CV-00059, 2021 WL 6010756, at *2 (M.D. Tenn. Dec. 20, 2021).  It also has been said that a court determining a fee award "must content [itself] with rough justice," rather than surgical precision.  *Rembert*, 986 F.3d at 618 (citations and internal quotation marks omitted).  But Miller Shah simply has not established that this volume of attorney and non-attorney time is remotely reasonable.

The most obvious problem is that Brennan did not recover damages on all of his claims, as I denied his motion for default judgment on his seventh, eighth, and ninth claims for relief.  (*See* Doc. No. 9 at 16).  Counsel did not acknowledge in their supplemental briefing that Brennan was only partially successful, and Plaintiff's counsel's time records are not sufficiently clear to permit me to determine how much time Miller Shah spent on those unsuccessful claims.[3]  "[I]f a plaintiff is only partially successful in obtaining recovery on [the plaintiff's] claims, the court might reasonably award counsel a reduced fee."  *Rembert*, 986 F.3d at 617 (citation omitted); *see also Hensley*, 461 U.S. at 437, n.12 (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 279 (1st Cir. 1978), for the proposition that it "'would not view with sympathy any claim that a district court abused its discretion in awarding unreasonably low attorney's fees in a suit in which plaintiffs were only partially successful if counsel's records do not provide a proper basis for determining how much time was spent on particular claims.'").

The second problem quickly arises when Plaintiff's counsel's claim for attorney fees is compared to claims by plaintiffs' firms in other FLSA cases resulting in a default judgment.  Again, Miller Shah seeks a fee award for a total of 204.3 hours of attorney and non-attorney time.  This claimed total dramatically exceeds fee requests in similar cases.  *See, e.g., Wilson v. D&N Masonry, Inc.,*

---

[3]  While at least 6.10 hours was spent on research for Brennan's unsuccessful retaliation claims, (*see* Doc. No. 12-2 at 7), most of Miller Shah's other time records include only generic references to research or to drafting of the default judgment motion.

No. 1:12-CV-922, 2014 WL 12588297, at *2 (S.D. Ohio June 17, 2014) (granting motion for default

judgment and concluding "it was reasonable to expend 80.6 attorney hours and 14.5 paralegal hours

prosecuting this matter"); *Long v. Morgan*, 451 F. Supp. 3d 830, 836 (M.D. Tenn. 2020) (granting

default judgment and entering fee award for 50 hours of attorney time); *Jones v. Animal Enter.*

*Worldwide, LLC*, No. 1:21-CV-00653, 2022 WL 592945, at *4 (N.D. Ohio Feb. 28, 2022) (entering

default judgment and awarding attorney fees for 60 hours of attorney time in two-plaintiff case).

Over a six-month period, Miller Shah assigned a total of ten separate attorneys and non-

attorneys to this case, with five of those timekeepers billing at least 17.8 hours.  (Doc. No. 7-3 at 3).

Before the complaint was filed, Sekino and a legal intern researched potential claims under Ohio,

Michigan, and federal law, spending perhaps as much as 72.3 hours on research.[4]  (*See, e.g.,* Doc. No.

12-2 at 2-3).  After default was entered, Sekino, a law clerk, an intern, and a project analyst spent

perhaps as much as 73.1 hours on research.  The point of this calculation is not to imply that some

particular amount of time spent on research is too much.  Instead, it is an attempt to quantify the

problem I am faced with: Miller Shah's records provide me with no way to determine whether, or

how much of, these nearly-identical sums of time are duplicative, in addition to the already-identified

question of what portion of this time was spent on successful versus unsuccessful claims.

In many ways:

> a meaningful assessment of applicants' work effort is frustrated in this proceeding by
> the inadequate non-informative amended billing records that do not permit a
> reviewing court to identify distinct claims and the issues addressed, assess the
> necessity for multiple counsel, and distinguish between redundant, unnecessary, and
> duplicated work effort versus the proper utilization of time.

*Reed*, 179 F.3d at 472 (citation and internal quotation marks omitted).  In short, Miller Shah's fee

request does not demonstrate it "exercise[d] 'billing judgment' with respect to hours worked" or fees

sought.  *Hensley*, 461 U.S. at 437; *see also Wilson*, 2014 WL 12588297, at *2.

---

[4]  Some time entries include references to other activities, though most do not.

While counsel's records do not allow me to evaluate its fee request with any precision, fee shifting is mandatory under both federal and Ohio law.  Following my review of the relevant case law, I conclude the court's decision in *Wilson* is sufficiently analogous to provide an applicable framework for a fee award.  As I noted above, the court in that case (which involved claims under the FLSA as well as Ohio and West Virginia law), awarded fees for a total of 95.1 hours of attorney and non-attorney time.  *Id.*  Without any satisfactory way to parse Miller Shah's billing records, and for the reasons set forth above, I will reduce Miller Shah's requested hours from 204.3 to 95.1 hours.

I conclude IES is liable to Brennan for compensatory and liquidated damages in the amount of $198,767.47.  Further, I award Brennan attorney fees in the amount of $36,330.33[5] and costs in the amount of $541.67.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[5]  Of this total, $2,054.39 is awarded for 5.7 hours of time billed by Goldenberg Schneider, and $34,275.94 is awarded for 95.1 hours of time billed by Miller Shah, at a blended hourly rate of $360.42.